# EXHIBIT A

EEOC Form 5 (11/09)

|  |  |  |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☐ EEOC | Agency(ies) Charge No(s): |

_____KHRC_____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Tonjia Howlett | (502) 819-1723 | October 05, 1972 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2513 Magazine Street, Louisville, KY 40211 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two are named, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| University of Louisville Physicians | 1000+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| 530 South Jackson Street, Louisville, KY 40202 | |

**DISCRIMINATION BASED ON** (*Check appropriate box(es).*)
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☑ RETALIATION  ☐ AGE  ☑ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest — Latest
12/7/23
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (*If additional paper is needed, attach extra sheet(s)*):

I am represented by Spitz, The Employee's Law Firm. This charge is being filed by Tonjia Howlett, individually, and solely on her behalf. This charge is not being filed on behalf of a class of employees.

I worked for University of Louisville Physicians, as an HIM technician from February 20, 2023, until University of Louisville Physicians, terminated my employment on or about December 7, 2023.

I was terminated due to my claims of disability discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act, and Kentucky Law.

Please see the attached Notice of Claims, which was sent to University of Louisville Physicians, for further information on the facts of my situation.

I am interested in mediation if Respondent is also interested.

I would like this charge dual filed with the Kentucky Human Rights Commission.

My email is tonjihowlett@gmail.com.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Aug 13, 2024
*Date*

*TonjiaHowlett (Aug 13, 2024 13:26 EDT)*
*Charging Party Signature*

NOTARY – *When necessary for State or Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)

EEOC Form 5 (11/09)

| | |
|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:  Agency(ies) Charge No(s):<br>☐ FEPA<br>☐ EEOC |

KHRC _____ and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am represented by Spitz, The Employee's Law Firm. This charge is being filed by Tonjia Howlett, individually, and solely on her behalf. This charge is not being filed on behalf of a class of employees.

I worked for University of Louisville Physicians, as an HIM technician from February 20, 2023, until University of Louisville Physicians, terminated my employment on or about December 7, 2023.

I was terminated due to my claims of disability discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act, and Kentucky Law.

Please see the attached Notice of Claims, which was sent to University of Louisville Physicians, for further information on the facts of my situation.

I am interested in mediation if Respondent is also interested.

I would like this charge dual filed with the Kentucky Human Rights Commission.

My email is tonjihowlett@gmail.com.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Aug 13, 2024
_____    *TonjiaHowlett (Aug 13, 2024 13:26 EDT)*
Date    Charging Party Signature

NOTARY – *When necessary for State or Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117**,** 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging party and respondent and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EEOC Charge Form
Final Audit Report 2024-08-13

| | |
|---|---|
| Created: | 2024-08-13 |
| By: | Wendy Adcock (wendy@spitzlawfirm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAIJT7WUMQ3haUbGCdSvrKjFVzExKUKiCs |

## "EEOC Charge Form" History

- Document created by Wendy Adcock (wendy@spitzlawfirm.com)
  2024-08-13 - 5:09:56 PM GMT

- Document emailed to Tonjia Michelle (tonjihowlett@gmail.com) for signature
  2024-08-13 - 5:11:02 PM GMT

- Email viewed by Tonjia Michelle (tonjihowlett@gmail.com)
  2024-08-13 - 5:23:13 PM GMT

- Signer Tonjia Michelle (tonjihowlett@gmail.com) entered name at signing as TonjiaHowlett
  2024-08-13 - 5:26:33 PM GMT

- Document e-signed by TonjiaHowlett (tonjihowlett@gmail.com)
  Signature Date: 2024-08-13 - 5:26:35 PM GMT - Time Source: server

- Agreement completed.
  2024-08-13 - 5:26:35 PM GMT

Adobe Acrobat Sign

CallTheRightAttorney.com                                    THE EMPLOYEE'S LAW FIRM™

SPITZ

710 East Main Street, Suite 140                             Direct: (859) 317-5921
Lexington, Kentucky                                         Main: (216) 291-4744
40502 sam.long@spitzlawfirm.com                             Fax: (216) 291-5744

August 12, 2024

**By Mail:**                                                **By Email/Fax:**
University of Louisville Physicians                         (502) 562-4514
530 South Jackson Street
Louisville, KY 40202

**RE: Notice of Claims by Tonjia Howlett**

To Whom It May Concern:

Tonjia Howlett has retained Spitz, including the undersigned, to represent her regarding the claims identified herein. Because Tonjia is now represented by counsel, no attempts should be made to contact her directly by any means.

This letter serves as official legal notice to you and requires a prompt response within the next two weeks. Should we not receive a response within that time, we will have no choice but to proceed with filing claims due to legally mandated deadlines and administrative requirements. To that end, it is critical that you call me yourself; have your attorney call me; or let me know that this matter has been turned over to any applicable insurance provider.

The circumstances surrounding Tonjia's employment as well as University of Louisville Physicians' termination of Tonjia clearly establish that you committed several violations of Kentucky and federal law and will be liable to her. Our firm will ensure that Tonjia is rightfully compensated as a result of your unlawful conduct.

**I.     FACTS SUPPORTING CLAIMS**

As you are aware, Tonjia worked for University of Louisville Hospital -St, Mary and Elizabeth Hospital in the position of HIM technician from February 20, 2023, until you unlawfully terminated her on December 07, 2023. Tonjia was a good employee with no significant disciplinary record and a history of good performance.

Tonjia Howlett, an African American woman, was employed by the University of Louisville Hospital - St Mary and Elizabeth Hospital. Tonjia suffers from chronic deep vein thrombosis (DVT) in her left calf, a condition that significantly limits her mobility and causes chronic pain, necessitating the use of prescription medication including Oxycodone and Plavix.

Tonjia disclosed her condition during her Zoom interview with Merry Latona and Tamara Dolby, receiving assurances that her physical limitations would be accommodated. Despite her condition

and the need for reasonable accommodations, she was subjected to increasing scrutiny and negative treatment after requesting accommodations.

In March 2023, Tonjia first requested an accommodation under the ADA, seeking flexibility with productivity targets due to her medical condition. The accommodation initially provided included a stool for her to sit while working. However, as her condition worsened, necessitating more frequent breaks and adjustments to productivity expectations, Tonjia renewed her accommodation request in September 2023 and again in November 2023. Her supervisor, Jessica Combs, and HR representatives, including Kameron Goodwin, did not provide the necessary accommodations, instead focusing on Tonjia's inability to meet productivity targets.

Despite providing medical documentation and communicating her needs clearly, the Hospital refused further accommodations. Tonjia received a letter on December 4, 2023, stating that the Hospital could not meet her accommodation requests, essentially forcing her to choose between her health and her job performance.

On December 7, 2023, Senior HR Manager Frank Reeb informed Tonjia that she was being placed on medical leave and had 30 days to find another position within the Hospital. The reason given was that she was considered a "threat" to staff, patients, and colleagues, an accusation not supported in any way. This move was retaliatory and connected to Tonjia's requests for accommodations and her challenging of the productivity expectations imposed upon her.

Tonjia also experienced issues with her FMLA rights. In July 2023, Tonjia requested FMLA leave for kidney stone surgery, which was initially approved. However, in December 2023, she received a notification stating her FMLA request had been denied, despite not submitting a new request.

After taking FMLA leave and continuing to request accommodations, Tonjia was placed on medical leave without sufficient explanation and given a deadline to find another position. This ultimatum, coupled with the baseless claim that she was a threat, suggests retaliation for utilizing her FMLA rights.

Following her repeated requests for accommodations, Tonjia faced several retaliatory actions, including unwarranted negative performance reviews and increased scrutiny of her work. Tonjia's concerns about unrealistic productivity expectations were dismissed, and she received no assistance to help her meet these goals despite her medical condition. Tonjia's termination on January 15, 2024, after being unable to secure a new position, further indicates retaliatory motives.

Based on the above, it is clear the University of Louisville Hospital discrimainted against Tonjia because of her medical conditions and the University of Louisville Hospital failed to offer Tonjia reasonable accommodations as required by law. Additionally, the University of Louisville Hospital interfered with Tonjia receiving FMLA and then retaliated against her for utilizing her FMLA. The University of Louisville Hospital violated several federal and Kentucky laws and will be found liable to Tanjia.

## II.   CLAIMS TO BE ASSERTED

### A. Disability Discrimination

We will be pursuing claims on behalf of Tonjia against you for disability discrimination. The Americans with Disabilities Act of 1990 ("ADA") is a federal comprehensive antidiscrimination statute that prohibits all discrimination against disabled individuals in employment. The ADA and consistent Kentucky laws make it unlawful for an employer to discriminate against any qualified individual with a disability because of that individual's disability or perceived disability in regard to job application procedures; the hiring, advancement or discharge of employees; compensation; job training; and other terms, conditions, and privileges of employment. The ADA defines the term "disability" to mean "a physical or mental impairment that substantially limits one or more of the major life activities of an individual; having a record of such an impairment; or being regarded as having such an impairment." (Sec. 3(2)). The term "qualified individual with a disability" means an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."

Section 102(b) of the ADA provides that the discrimination includes:

- Limiting, segregating, or classifying a job applicant or employee in a way that adversely affects his/her opportunities or status because of the disability of the individual (e.g., making employment decisions on the basis of presumptions about the abilities of a class of individuals rather than on the basis of facts regarding an individual applicant or employee);

- Utilizing standards, criteria, or methods of administration that have the effect of discriminating on the basis of disability, or that perpetuate the discrimination of others who are subject to common administrative control;

- Discriminating against a qualified individual because that individual is known to have a relationship or association with an individual with a disability, such as a spouse;

- Using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test or other selection criteria is shown to be job-related for the position in question and is consistent with business necessity;

- Failing to select and administer tests concerning employment in the most effective manner to ensure that the test results accurately reflect the abilities of an applicant or employee with a disability, rather than his or her impaired sensory, manual, or speaking skills, except where the intent of a test is to measure those factors.

### B. Disability - Failure To Accommodate

Under the ADA and Kentucky laws, University of Louisville Hospital - St, Mary and Elizabeth Hospital is also liable to Tonjia for failing to provide a reasonable accommodation for her disability.

Section 102(b) of the ADA provides that employers will be liable for "[n]ot making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual

3

with a disability who is an applicant or employee unless such entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business, or denying employment opportunities to such a job applicant or employee if the denial is based on the need to provide reasonable accommodation." To that end, the ADA and Kentucky laws expressly require employers to provide reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability. The employer's duty to provide a reasonable accommodation encompasses any appropriate response to the needs of a particular individual with a disability that will provide the individual with an equal opportunity to be employed or to advance in an identified job or jobs. The term "reasonable accommodation" is defined to include, but not limited to, making existing facilities accessible; job restructuring; part-time or modified work schedules; reassignment to a vacant position; appropriate adjustment or modification of examinations, training materials or policies; the provision of qualified readers or interpreters; and other similar accommodations. Under the ADA, an employer must start the accommodation evaluation by engaging in the interactive process when an employee asks for an accommodation or when the employer becomes aware of its necessity. You failed to properly engage in the interactive process and provide an accommodation to Tonjia Howlett, which makes you liable per se under the ADA and Kentucky disability employment laws to Tonjia.

### C. Retaliation

The above laws also prohibit an employer from retaliating against any person because that person has opposed an unlawful discriminatory practice, made a complaint, testified, or assisted in any investigation, proceeding, or hearing under this law. These federal and Kentucky laws expressly prohibit an employer from retaliating against an employee who has "made a charge, testified, assisted or participated in" any charge of unlawful discrimination.

In *Burlington Northern Santa Fe Railroad Co. v. White*,[1] the United States Supreme Court held that an employer's actions will be considered an adverse employment action if the conduct "would have been materially adverse to a reasonable employee or job applicant," or the action could "dissuade a reasonable worker from making or supporting a charge of discrimination." In addition, the Court expanded the scope of the definition of "adverse employment action" by stating that it "extends beyond workplace-related or employment-related retaliatory acts and harms." This expansive definition, therefore, could include things that occur beyond everyday interactions in the office. Certainly, and without question, the conduct you engaged in against Tonjia would dissuade a reasonable employee from reporting and/or opposing discrimination.

Furthermore, the intentional nature of retaliation also satisfies the requirements to hold you liable for punitive damages, and we will make sure that you are liable for such damages, which will be significant.

### D. National Labor Relations Act Rights And Claims

---

[1] 126 S. Ct. 2405 (2006).

Section 7 of the National Labor Relations Act ("NLRA") guarantees employees the right to engage in concerted activity for mutual aid or protection. Although the NLRA is most commonly associated with union-related activity, it covers a wide array of concerted activities, even if employees are not members of a union or attempting to form a union. For example, the NLRA protects employees' rights to discuss wages and working conditions with their coworkers;[2] to discuss or protest discrimination with their coworkers;[3] to circulate petitions for better work conditions;[4] and to persuade customers to boycott the employer due to a labor dispute, which include both discrimination and wage disputes.[5] The NLRA prohibits employers from taking any retaliatory action, including, but not limited to, termination, discipline, threatening, or coercive questioning against employees for exercising their protected rights.

If prevents Tonjia from engaging in the above protected activities and/or takes any retaliatory action against Tonjia for discussing discrimination and/or unsafe working conditions with her coworkers, for picketing or circulating petitions, for seeking the support of customers and the public for her rights, or for engaging in any other concerted activities with her coworkers, will be in violation of the NLRA. To be clear, she intends to discuss her claims with her coworkers and provide them with our contact information.[6] Tonjia will vindicate her rights to the full extent of the law.

And while Tonjia has the right to investigate her claims by discussing the claims and potential information related to the claims with coworkers and customers, has no protected right to either discourage participation in Tonjia's investigation through incentives or coercion. Indeed, should take any actions to disparage Tonjia or provide false information, such conduct would likely trigger a retaliation and/or defamation claim.

Based on the facts as laid out above, it is clear that has already violated Section 7 of the NLRA. To that end, absent early resolution, we will be pursuing claims through the National Labor Relations Board.

### E.  Retaliation By False Job Reference

It is unlawful for an employer to give a false or discriminatory employment reference to another employer. As such, this is an express demand that immediately cease and desist from providing any information about Tonjia except to provide or confirm the dates of employment and position held.

### III.  ARBITRATION AND CONTRACTUAL LIMITATION DETERMINATION AND SATISFACTION

---

[2] *N.L.R.B. v. Main St. Terrace Care Ctr.*, 218 F.3d 531, 536 (6th Cir. 2000).
[3] *N.L.R.B. v. Tanner Motor Livery, Ltd.*, 349 F.2d 1, 2 (9th Cir. 1965).
[4] *N.L.R.B. v. Pyromatics, Inc.*, 677 F.2d 24 (6th Cir. 1982).
[5] *N.L.R.B. v. Fruit & Vegetable Packers & Warehousemen, Local 760*, 377 U.S. 58 (1964).
[6] Should  retain counsel, we will not speak directly employee-witnesses until the attorney-client issue is resolved, but we are always permitted to directly discuss potential claims that other employees may have should they seek to engage counsel.

5

Considering the above, if you plan on asserting that Tonjia previously executed any documents that attempt to: (a) limit her right to pursue a jury trial; (b) binds her to arbitration; and/or (c) reduce the statute of limitations to anything less than prescribed by statute, we demand that you immediately forward any and all such agreements to our attention.

As such, if there is an asserted arbitration or contractual limitations agreement provide it now.

If required by any valid and executed agreement, please let this letter serve as Tonjia's alternative written request to initiate arbitration and/or mediation. Nothing in this letter is intended to waive Tonjia's right to contest the validity or enforcement of any arbitration or employment agreement.

### IV.    PRESERVATION OF EVIDENCE REQUEST

This letter should also serve as an express request that you maintain all potential evidence that may relate to the claims. This includes, but is not limited to, all photographs, videos, statements, audio recordings, reports, records that would identify any potential witnesses, notes and diagrams.

If you intend to conduct any expert inspections, we are requesting advanced notice so that our experts can concurrently participate. Your failure to preserve such information and/or your alteration, concealment, or transfer of any evidence pertaining to this matter will be considered a spoliation of evidence and could subject you to further civil liability.

Further be advised that Electronically Stored Information ("ESI") has been determined to be relevant in this matter and you are being given notice that you are hereby required to preserve such ESI as described herein. This preservation notice and the description of potentially relevant ESI shall in no way constitute the entirety of the ESI you are obligated to preserve, only a minimum requirement based on our current understanding of your computer systems as well as computer systems in general. These computer systems may be owned or maintained by you, your employees, third parties or contractors. Any ESI you deem potentially relevant in addition to any noted herein shall be preserved.

**OBLIGATION TO PRESERVE** Electronic data has been deemed relevant or potentially relevant in this matter. As a result, you have a duty to take all reasonable steps to preserve any and all electronic information potentially relevant to this matter. Electronically stored data can easily be altered, deleted or otherwise changed. Your obligation to preserve relevant and potentially relevant ESI includes, but is not limited to:

- Halting any process that destroys data, including but not limited to data destruction procedures (manual or automatic) and backup cycling.

- Preservation of all relevant or potentially relevant hardware.

- Preserve any and all systems used to make data readable or usable including, but not limited to, passwords, encryption schemes, proprietary hardware or databases, or specialized software or hardware needed to render data readable.

**DATA REQUESTED** Preservation of all ESI that is relevant or potentially relevant to this matter is required. This ESI includes, but is not limited to, documents, spreadsheets, user created files,

6

email and other communications, schedules and calendars, internet usage data and system files and logs in your possession, the possession of your employees or third parties or contractors.

## V.  CONCLUSION

While we will pursue all proper claims through trial and appeal, if necessary, we are open to discuss potential early resolution. To that end, please either call me yourself; have your attorney call me; or let me know that this matter has been turned over to any applicable insurance provider. If we do not hear from you by **September 6, 2024**, we will proceed forward as necessary.

Lastly, this letter is not intended to contain a complete statement of fact with respect to the issues raised, and Tonjia does not waive any legal or equitable rights or remedies that otherwise may be available, all of which are expressly reserved.

I look forward to discussing this matter further with you.

All the best,

*Samuel Long*

Samuel T. Long, Esq.

7